Thomas B. Galligan, J.
The defendant James Harper was arrested on February 2, 1975, charged with a violation of sections 265.02, 120.00 and 120.15 of the Penal Law. A preliminary hearing was held on February 5, 1975, after which the charges of sections 120.00 and 120.15 of the Penal Law were dismissed and he was held for the Grand Jury on violation of section 265.02 of the Penal Law.
It appears that the complainant Maxim Scott did not testify at the preliminary hearing and the only testimony offered was that of the arresting officer pertaining to the charge of section 265.02 of the Penal Law.
The Grand Jury subsequently directed the District Attorney to file a prosecutor’s information against James Harper charging him with the crime of assault in the third degree (Penal Law, § 120.00), criminal possession of a weapon in the fourth degree (Penal Law, § 265.01) and menacing (Penal Law, § 120.15). The defendant thereupon requested a preliminary hearing on the prosecutor’s information on the ground that there had been no hearing on the charges of assault in the third degree (Penal Law, § 120.00) and menacing (Penal Law, § 120.15) and also on the general ground that such hearing is authorized in every case where a prosecutor’s information has been filed.
The question presented on this motion is the right of a defendant to a preliminary hearing after the Grand Jury has directed the District Attorney to file a prosecutor’s information in a local criminal court.
The issue while not novel has created some uncertainty in view of the language of CPL 170.75 authorizing preliminary hearings upon a misdemeanor charge in the New York City Criminal Court and CPL 170.50 relating to motions in the superior court to dismiss a prosecutor’s information. (People v McClafferty, 73 Misc 2d 666; People v Robinson, 77 Misc 2d 1081; People v Davino, NYLJ, March 25, 1975, p 17, col 6.)
CPL 170.75 provides that a defendant arraigned in the New York City Criminal Court, "upon an information, simplified traffic information or prosecutor’s information, which charges a misdemeanor” — with certain limited exceptions not here pertinent — has the right to request a hearing to determine *791 whether there is "reasonable cause to believe that he committed such misdemeanor.”
On the other hand, CPL 170.50 provides in part as follows:
"1. At any time after arraignment in a local criminal court upon a prosecutor’s information filed at the direction of a grand jury and before entry of a plea of guilty thereto or commencement of a trial thereof, the superior court which impaneled such grand jury may, upon motion of the defendant, dismiss such prosecutor’s information or a count thereof upon the ground that:
"(a) the evidence before the grand jury was not legally sufficient to support the charge; or
"(b) the grand jury proceeding resulting in the filing of such prosecutor’s information was defective.”
In my view, a further hearing is not warranted.
To understand the rationale of denying a defendant named in a prosecutor’s information, filed at the direction of the Grand Jury, the right to a preliminary hearing in the New York City Criminal Court, it must first be understood that there are three circumstances when a prosecutor’s information may be filed. It may be filed at the direction of the Grand Jury (CPL 190.60, subd 2; CPL 190.70), the local criminal court (CPL 180.50, 180.70) and the District Attorney (CPL 100.50).
CPL 170.75 makes no distinction in its authorization of a hearing on a prosecutor’s information in the New York City Criminal Court. Because of the failure to exclude prosecutor’s informations filed at the direction of the Grand Jury from the scope of CPL 170.75 the argument is advanced that the Legislature intended to include such accusatory instruments within its scope. To accept that argument is to reject several other sections of the CPL as meaningless (e.g., CPL 170.50, 190.50, 190.70).
It is beyond argument that the Grand Jury is a creature of the superior court. Its members are impaneled by it and it constitutes a part of such court (CPL 190.05).
The Grand Jury direction to file a prosecutor’s information can be made only when "(a) the evidence before it is legally sufficient to establish that such person committed such offense, and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.” (CPL 190.70, subd 1.)
*792 The preliminary hearing mandated by CPL 170.75 is satisfied when it has been determined that reasonable cause exists to believe that the defendant committed the crime charged or a lesser crime.
Furthermore, the same criteria and procedures as those prescribed in CPL 210.30 and 210.35 for the dismissal of indictments, have been prescribed for motions in the superior court to dismiss prosecutor’s informations filed at the direction of the Grand Jury (CPL 170.50).
The statutory requirement that the Grand Jury have before it evidence "legally sufficient to establish that such person committed such offense” (CPL 190.70) before directing the filing of a prosecutor’s information is the only standard for such accusatory instrument and the sole remedy for failure to meet that test is a motion pursuant to CPL 170.50.
In effect, the People are required to maintain a greater burden ("legally sufficient evidence”, etc.) in prosecutor’s in-formations filed at the direction of the Grand Jury and it would serve no logical purpose to thereafter authorize a further hearing to determine if the People have maintained a lesser burden ("reasonable cause”, etc.).
"Where it is possible to do so, it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws, and to adopt that construction of a statutory provision which harmonizes and reconciles it with other statutory provisions. When there is a discrepancy between two statutes, such exposition should be made as that both may stand together.” (56 NY Jur, Statutes, § 207.)
It is, therefore, my view that the preliminary hearing upon misdemeanor charges authorized by CPL 170.75, after arraignment, upon a prosecutor’s information, does not apply when the prosecutor’s information was filed by direction of the Grand Jury. In the latter situation — which is the instant case —the defendant is relegated to the remedy outlined in CPL 170.50.
The motion is therefore denied.